UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THOAI NGUYEN, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 24-518 |
| JP MORGAN CHASE, N.A., ET AL. | * | SECTION "A" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiffs Thoai Nguyen and Vladimir Thomas's Motion to Seal Documents for Summary Judgment Enforcing Compromise. ECF No. 52. Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiffs' Motion to Seal is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE for the reasons set forth herein.

## I.    BACKGROUND

This dispute arises from a home mortgage loan. *See* ECF No. 1. At the April 10, 2026, settlement conference before the undersigned, the parties reach an agreement to resolve the claims. ECF No. 49. The parties have not yet consummated the settlement, and Plaintiffs have filed a Motion to Enforce Settlement, which is scheduled for submission on July 8, 2026. ECF Nos 51, 51-3. In connection with that motion, Plaintiffs filed this Motion to Seal asking that a redacted pleading be filed in the record and that numerous exhibits be filed under seal.

## II.    APPLICABLE LAW AND ANALYSIS

There is a presumption in favor of access to judicial records,[1] and the standard for placing a document under seal is different from that governing whether unfiled discovery should be kept confidential.[2] Because the sealing of judicial records is the exception rather than the norm, the

---

[1] *8fig, Inc. v. Stepup Funny, L.L.C.*, 135 F.4th 285, 293 (5th Cir. 2025).
[2] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021); Local Rule 5.6.

1

court must be "ungenerous" with its discretion to seal judicial records.[3]   Before sealing a document, the court must assess governing case law and determine that sealing is necessary.   "To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[4]   Sealings "must be explained at 'a level of detail that will allow for [appellate] review.' And a court abuses its discretion if it 'ma[kes] no mention of the presumption in favor of the public's access to judicial records' and fails to 'articulate any reasons that would support sealing.'"[5]

While there is a presumption of public access to judicial records, courts have recognized that this access is not absolute.[6]   In certain cases, litigants may have good reasons to file documents under seal.[7]   For instance, courts have found compelling interests in secrecy when a case involves a minor, protected banking or financial information, trade secrets, and national security matters.[8] Courts also recognize the strong interest in keeping personal financial records from public view, particularly when the information is that of a non-party individual.[9]

---

[3] *Binh Hoa Le,* 990 F.3d at 418 (citations omitted); *see June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519-21 (5th Cir. 2022).

[4] *June Med. Servs.*, 22 F.4th at 521 (citation modified).

[5] *Binh Hoa Le*, 990 F.3d at 419 (citations omitted); *accord. United States v. Ahsani*, 76 F.4th 441, 452 (5th Cir. 2023) (citations omitted).

[6] *See, e.g.*, *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)); *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) (recognizing that a court may seal documents that contain confidential business information (citations omitted)); *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4897905, at *9 (E.D. La. Jan. 8, 2020) (noting that courts have recognized "parties' strong interest in keeping their detailed financial information sealed" because the public has a "relatively minimal interest in [that] particular information" (citations omitted)); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, No. 97-3012, 1998 WL 186728, at *1 (E.D. La. Apr. 17, 1998) (maintaining exhibit under seal because the document contained sensitive and proprietary financial information about individual dealerships that, if unsealed, could cause commercial and competitive harm to such dealers).

[7] *Binh Hoa Le*, 990 F.3d at 419.

[8] *Doe v. Crawford*, 702 F. Supp. 3d 509, 513 (S.D. Miss. 2023) (citations omitted).

[9] *St. Charles-Guillot Inv., LLC v. One Source Roofing, Inc.*, No. 23-30, 2024 WL 5440833, at *2 (E.D. La. Oct. 21, 2024) (Long, J.) (citations omitted).

This Court's Local Rules make clear that the public's right of access to material filed with it precludes sealing documents unless authorized by federal statute, federal rule, or prior court order. EDLA L.R. 5.6(A). "All reasonable alternatives to filing under seal must be explored, including a line-by-line analysis of the documents or other tangible item (including documents marked confidential under a protective order) to redact only the truly sensitive information rather than simply seeking to file the entire document or other item under seal." *Id.*

The party seeking to overcome the presumption of public access bears the burden to show that its privacy interests outweigh the presumption, and the court should construe any doubt in favor of disclosure.[10] The party seeking to seal a document "must explain in particularity the necessity for sealing[.]"[11] This requires the movant to not only point to specific confidential information contained in the document, but also show the specific harm that would be suffered if the public were granted access to this document.[12]

A review of the motion and supporting memorandum reflect appropriate limited redactions. That request to file those unredacted documents, with the unredacted copies (ECF No. 52-18, -19, and -20) under seal, is therefore granted. The Notice of Submission and Order of Dismissal already in the court record need not be filed under seal; the request to file ECF Nos. 52-21 and -22 under seal is denied. A review of the remaining attached exhibits reflect form documents and other documents that, while containing some information that would justify redaction, do not justify the filing of the entire document under seal. Accordingly the request to file ECF Nos. 52-23 through -31 is denied without prejudice. Plaintiffs may re-file the request to file redacted versions of those

---

[10] *Weiss v. Allstate Ins. Co.*, No. 06-3774, 2007 WL 2377119, at *4 (E.D. La. Aug. 16, 2007) (Vance, J.) (citing *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993); *Marcus v. St. Tammany Par. Sch. Bd.*, No. 95-3140, 1997 WL 313418, at *5 (E.D. La. June 9, 1997)).

[11] *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019).

[12] *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. 14-2264, 2015 WL 13534251, at *4 (E.D. La. Aug. 12, 2015) (Barbier, J.) (citing *N. Cypress*, 781 F.3d at 204; *Weiss*, 2007 WL 2377119, at *4).

documents, marking only the confidential or private financial information as redacted for public filing with the unredacted version under seal.

## III.    **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' Motion to Seal (ECF No. 52) is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE as stated herein.

IT IS FURTHER ORDERED that the Clerk of Court shall file ECF Nos. 52-18, -19 and -20 under seal.  The Clerk shall delay entry of ECF Nos. 52-21 through -31 into the public record for seven days during which time an appropriate motion to remove the document in accordance with Local Rule 5.6(G) may be filed.

New Orleans, Louisiana, this ____24th____ day of June, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE